IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN J. BOUDREAUX, On Behalf of Himself and all Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:15-cv-1099 |
| EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY), | § § § | COLLECTIVE AND CLASS ACTION |
| Defendant | § § | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff, KEVIN J. BOUDREAUX ("Plaintiff"), files this Complaint against EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY) ("EOG" or "Defendant"), showing in support as follows:

## I.     SUMMARY

1.     Plaintiff worked for Defendant for several consecutive years where he and many other workers were misclassified by Defendant as so-called independent contractors. As a result, Plaintiff and the other misclassified workers did not enjoy and receive the benefits of employment, such as overtime wages, health insurance benefits and retirement benefits.

2.     Plaintiff seeks to recover unpaid overtime wages and all available damages under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

3.     Plaintiff files his FLSA cause of action individually and on behalf of all others similarly situated as a FLSA collective action pursuant to 29 U.S.C. § 216(b).

4.     Plaintiff also seeks to recover benefits covered by/subject to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. ("ERISA") that he did receive/enjoy

as a result of his misclassification by Defendant as an independent contractor. Plaintiff was a beneficiary of Defendant's ERISA covered employee benefits plan(s), but was not provided with all benefits offered, provided, or covered by each such plan.

5.      Plaintiff files his ERISA cause of action individually and as the representative of the putative class members pursuant to Federal Rule of Civil Procedure 23.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Kevin J. Boudreaux

6.      Plaintiff is a natural person who resides in Mansfield, Texas. He has standing to file this lawsuit.

7.      Plaintiff primarily worked for Defendant at EOG's office in Fort Worth, Texas.

8.      Although Plaintiff was labeled as a so-called independent contractor by Defendant, the economic reality is that, at all times relevant, he was an "employee" of Defendant as that term is defined by the FLSA. 29 U.S.C. § 203 (e)(1). *See also, Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).

9.      Similarly, under the common-law test for employee status in connection with ERISA, Plaintiff was, at all relevant times, an employee of Defendant. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323, 112 S. Ct. 1344, 1348, 117 L. Ed. 2d 581 (U.S. 1992); *Landry v. Georgia Gulf Corp.*, 91 F. App'x 950, 952 (5th Cir. 2004).

10.      Furthermore, on information and belief, Plaintiff, as a misclassified independent contractor/*de facto* employee, was a beneficiary as defined/covered by Defendant's ERISA covered employee benefit plan(s).

### B. Defendant EOG Resources, Inc. (f/k/a ENRON Oil and Gas Company)

11.     On information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware.

12.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Furthermore, Defendant employed Plaintiff in Texas.

13.     Defendant's principal office and principal place of business is located at 1111 Bagby Street, Sky Lobby 2, Houston, Texas 77002.

14.     During the time period relevant to the FLSA cause of action set forth in this lawsuit, EOG was an "employer" of Plaintiff and the putative collective action members pursuant to the FLSA.

15.     During the time period relevant to the ERISA cause of action set forth in this lawsuit, EOG was an "employer" of Plaintiff and the putative class members pursuant to the common-law employee test utilized by the Supreme Court and the United States Court of Appeals for the Fifth Circuit in ERISA cases.

16.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees who engaged in commerce. For example, Defendant has, at all relevant times, had two or more employees engaged in interstate oil and natural gas exploration and production services.

18.     At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                                  3

materials include computers, computer related equipment, communication devices and equipment used in connection with Defendant's oil and natural gas exploration and production operations.

19.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20.     Defendant may be served with summons by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

      **C.**      **Jurisdiction and Venue**

21.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

22.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

23.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA and ERISA.

24.     Venue is proper in the United States District Court for the Southern District of Texas because Defendant maintains business operations in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this judicial district. Furthermore, the Defendant's principal office and principal place of business is located within this judicial district as identified above.

25.     Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because Defendant maintains business operations in the Houston Division and a substantial part of the events giving rise to Plaintiff's claims occurred, and

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                                 4

continue to occur, in the Houston Division. Furthermore, Defendant's principal office and principal place of business is located within the Houston Division as identified above.

## III.   FACTUAL BACKGROUND

26.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27.    EOG is one of the largest oil and natural gas companies in the United States and has business operations in Texas and states other than Texas.

28.    EOG is formerly known as Enron Oil and Gas Company.

29.    EOG is a publicly traded company in the United States and its symbol on the New York Stock Exchange is "EOG."

30.    Plaintiff worked for Defendant providing environmental, air emission and functional business analysis in connection with Defendant's oil and natural gas exploration and production operations.

31.    At all times relevant to his FLSA and ERISA causes of action, Plaintiff was paid an hourly rate of pay by Defendant. At all times relevant, Plaintiff was not paid on a salary or fee basis as those phrases are understood pursuant to the FLSA.

32.    Defendant labeled Plaintiff as a so-called "independent contractor." However, the reality, under both the FLSA and common-law standards applicable to ERISA, is that Plaintiff was Defendant's employee during the time periods relevant to those causes of action.

33.    Here, Defendant set the weekly work schedule for Plaintiff, and Plaintiff was expected and required to be in EOG's Fort Worth office during normal business hours each workweek, at a minimum. Plaintiff had to request time off from work in consistent fashion to other workers labeled by Defendant as "employees." Plaintiff reported daily to the EOG Fort

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                    5

Worth Division office to perform his work for Defendant where he was supervised by an EOG manager. Defendant issued Plaintiff business cards and an e-mail address which identified him as a representative of EOG to third parties. Although Plaintiff's job duties changed over time, he was always instructed in the manner in which to do his job. Plaintiff, alongside EOG's workers labeled by Defendant as "employees," received cross-functional training by EOG employees from various departments.

34.     Plaintiff's work performance was reviewed by Defendant's managers in a manner consistent with workers labeled by EOG as "employees" who performed the same or similar job duties as Plaintiff.

35.     Plaintiff was not permitted to hire employees to assist him with his work for Defendant. Plaintiff did not hire employees to assist him with his work for Defendant.

36.     Plaintiff did not exercise sufficient, if any, control over a meaningful part of the business so as to be a separate economic entity from EOG. Plaintiff was simply a part of EOG's workforce. Workers performing job duties that were the same or similar to Plaintiff's job duties were integral parts of Defendant's business operations. The job duties performed by Plaintiff for Defendant - environmental, air emission and functional business analysis – were a part of the regular business of EOG.

37.     Defendant could assign and did, assign Plaintiff numerous work projects over his years of work for EOG. For example, when Plaintiff completed a work task, his EOG manager assigned him another work task as was the case with workers labeled by EOG as "employees."

38.     Plaintiff provided no material investment in Defendant's business operations. For example, EOG provided Plaintiff with a fully furnished office in its Fort Worth office from which the following types of items were provided to Plaintiff by EOG: laptop computers and

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                    6

computer related equipment; VPN software which enabled Plaintiff to work from home after normal business hours, or while traveling for EOG; productivity software; an EOG e-mail address; a permanent parking badge at the Sundance Square Parking Garage close to EOG's Fort Worth office; an in-office phone with a permanent extension; office supplies; voice mail message forwarding services; a wireless air card; EOG business cards with Plaintiff's name and contact information; lab coats and hard hats with EOG's name branded on them; safety glasses and hearing protection; and access to EOG corporate discounted item through third parties, such as cell phone companies, Dell, and Microsoft.

39.     Defendant performed all marketing, administrative, and IT support for business operations involving Plaintiff.

40.     Defendant reimbursed Plaintiff dollar for dollar in travel and meal expenses through expense reports submitted and paid in the same fashion as workers labeled as "employees" by EOG.

41.     Defendant's investment in its business operations exceed the investments, if any, of Plaintiff in connection with his work for EOG.

42.     Plaintiff worked for Defendant for approximately nine consecutive years. At all times relevant, Plaintiff was economically dependent on Defendant. For example, EOG routinely and regularly required Plaintiff to work a 40 hour plus workweek. That obviously prevented Plaintiff from meaningful opportunity for earned income from a source other than Defendant.

43.     Defendant provided all project assignments and instructions for Plaintiff's work. Plaintiff did not submit bids to obtain work from other business, but instead simply worked on Defendant's projects as determined by his manager at EOG. In doing his job for EOG, Plaintiff did not go out and shop the market for cheaper supplies or higher paying contracts in order to

boost his profit margins. All travel expenses were reimbursed by Defendant after Plaintiff submitted expense reports in a fashion consistent with other workers labeled by EOG as "employees."

44.     Plaintiff was simply paid an hourly rate by Defendant. The more hours he worked, the more money he made. Plaintiff did not and could not hire employees of his own while working for Defendant. Similarly, Plaintiff did not and could not subcontract the work assigned to him by EOG. As a *de facto* employee, Plaintiff had no opportunity for loss. Instead, there was only opportunity for earned income based upon his time worked.

45.     All major components open to initiative--advertising, pricing, and business decision making were controlled by Defendant. Defendant had individuals classified as "employees" who performed the same job duties as Plaintiff. In fact, Plaintiff was "partnered" with EOG employees to do his work. Defendant trained Plaintiff on how to do his job in a manner that was consistent with the training of individuals classified by EOG as "employees" who performed the same or similar work as Plaintiff. There was no "unique skill set" or "initiative" required to perform Plaintiff's work for Defendant.

46.     The permanency of the working relationship between Plaintiff and Defendant was approximately nine consecutive years. Plaintiff worked full-time for Defendant, primarily out of EOG's Fort Worth office, during that time period.

47.     Defendant did not make and keep a record of all of the data required by 29 C.F.R. § 516.2(a) in connection with the work performed by Plaintiff for EOG.

48.     Plaintiff routinely worked in excess of 40 hours per workweek for Defendant.

49.     When Plaintiff worked in excess of 40 hours in a workweek, he was not paid corresponding overtime premium compensation as required by the FLSA.

50.     During the time period relevant to Plaintiff's FLSA cause of action, Defendant had many other workers performing work in similar fashion to Plaintiff who were misclassified as independent contractors. Like Plaintiff, those workers were paid an hourly rate, were economically dependent on Defendant pursuant to the FLSA's definition of employee, regularly worked in excess of 40 hours per workweek, but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek during the time period of three years preceding the date this lawsuit was filed and forward.

51.     Defendant publicly represents that it is "committed to providing a competitive compensation       and       benefits       program       for       its       employees." (http://www.eogresources.com/careers/benefits.html) (last accessed April 27, 2015). In fact, Defendant identifies an extensive list of benefits it provides to "EOG's eligible regular, full-time employees." (*Id.*) Such benefits include many typically covered by/subject to ERISA, such as retirement plans, medical plans, retirement health plans, etc. (*Id.*).

52.     During the time period relevant to Plaintiff's ERISA cause of action, Defendant had many other workers performing work in similar fashion to Plaintiff who were misclassified as independent contractors. Like Plaintiff, those other misclassified independent contractors are and/or were eligible for employee benefits covered by/subject to ERISA. Like Plaintiff, those other misclassified independent contractors are and/or were beneficiaries of Defendant's ERISA covered employee benefit plan(s).

53.     Plaintiff and the putative class members are and/or were employees of Defendant pursuant to the common-law test for employment status in connection with ERISA. *See, e.g., Nationwide*, 503 U.S. at 323; *Landry*, 91 F. App'x at 952.

54.     On information and belief, Plaintiff and the putative class members are and/or were entitled to benefits subject to/covered by ERISA pursuant to EOG's definition of eligibility in its ERISA covered employee benefit plan(s).

55.     Defendant did not provide Plaintiff and the putative class members with the benefits covered by/subject to ERISA, including those identified on its website as discussed above, that it provided other workers it labeled as "employees" during the time period relevant to Plaintiff's ERISA cause of action.

56.     Defendant did not deduct Federal Insurance Contribution Act ("FICA") taxes from the compensation it paid Plaintiff.

57.     Defendant did not deduct FICA taxes from the compensation of any of the putative FLSA collective action and ERISA class action members who were labeled as independent contractors by EOG.

## IV.     CONTROLLING LEGAL RULES

### A.     FLSA

58.     Whether an individual is an employee, who is covered by the FLSA's provisions, as opposed to an independent contractor, who is not covered by the FLSA, is determined by the economic realities test. *Hopkins,* 545 F.3d at 343. The purpose of the economic realities test is to determine whether "the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.*

59.     District Courts within the Fifth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the

alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* at 343 (*citing Herman v. Express Sixty-Minutes Delivery Serv., Inc.,* 161 F.3d 299, 303 (5th Cir. 1998). The Fifth Circuit further noted that: "[n]o single factor is determinative. Rather, each factor is a tool used to gauge the *economic dependence* of the alleged employee, and each must be applied with this ultimate concept in mind." *Id.* (*citing Herman*, 161 F.3d at 303 and *Brock v. Mr. W Fireworks, Inc.,* 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

60.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

61.     Plaintiff was not "exempt" from the FLSA's overtime provisions. 29 U.S.C. § 213.

62.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

63.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

64.     The FLSA provides for a two year statute of limitations which may be extended to three years where the cause of action arises out of a "willful" violation. 29 U.S.C. § 255(a).

**B.     ERISA**

65.     Amongst its other findings in enacting ERISA, the Congress found that "many employees with long years of employment are losing anticipated retirement benefits," that employee benefit plans "have become an important factor affecting the stability of employment

and the successful development of industrial relations," and that ERISA was necessary to "assur[e] the equitable character of such plans and their financial soundness." 29 U.S.C. § 1001.

66.     Certain benefit plans provided by employers to employees are covered by/subject to ERISA. *See Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1013 (9th Cir. 1997) (citing 29 U.S.C. § 1002).

67.     "The term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan. 29 U.S.C. § 1002(3).

68.     "The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

69.     Workers misclassified as independent contractors have a right of action to enforce the terms of a benefit plan that is covered by/subject to ERISA. *Darden,* 503 U.S. at 322-28; *Vizcaino*, 120 F.3d at 1012 (citing *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488 (11th Cir.1993)).

## V.     PLAINTIFF'S CLAIMS

### A.     FLSA

70.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

71.     This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq.*

72.     All conditions precedent to this suit, if any, have been fulfilled.

73.     At all material times, Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e). Although Defendant labeled Plaintiff as a so-called independent contractor, the economic reality is that Plaintiff was an employee of Defendant.

74.     At all material times, Defendant is and was an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

75.     Plaintiff routinely worked in excess of 40 hours per seven-day workweek for Defendant in the time period relevant to this lawsuit.

76.     At all material times, Plaintiff was entitled to overtime compensation from Defendant at one and one-half times his regular rate of pay. 29 U.S.C. § 207(a)(1).

77.     Defendant failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

78.     Defendant did not maintain an accurate number of the daily and weekly hours worked by Plaintiff during the relevant time period of this lawsuit. 29 C.F.R. § 516.2.

79.     Defendant's violations of the FLSA are and were willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claims.

80.     Plaintiff seeks all damages available for Defendant's violations of the FLSA.

**B.     ERISA**

81.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

82.     This action is authorized and instituted pursuant to ERISA. 29 U.S.C. § 1132.

83.     All conditions precedent to this suit, if any, have been fulfilled.

84.     At all material times, Plaintiff, despite being labeled as an independent contractor, was an employee of Defendant pursuant to the common-law employment test utilized in connection with ERISA cases wherein a worker alleges he was misclassified as an independent contractor and denied employee benefits covered by/subject to ERISA. 29 U.S.C. § 1002(6); *Nationwide*, 503 U.S. at 323; *Landry*, 91 F. App'x at 952. Similarly, Defendant had and continues to have numerous other workers like Plaintiff who, despite being employees under the aforementioned ERISA related common-law test, are and/or were mislabeled as independent contractors by Defendant.

85.     On information and belief, Plaintiff and the other misclassified independent contractors of Defendant are and/or were entitled to employee benefits subject to/covered by ERISA pursuant to EOG's definition of eligibility in its ERISA covered plan(s).

86.     Plaintiff and the putative class members are and/or were beneficiaries under Defendant's employment benefit plan(s). 29 U.S.C. § 1002(3) & (8).

87.     At all material times, Defendant is and was an eligible and covered employer pursuant to ERISA. 29 U.S.C. § 1002(5).

88.     At all material times, Defendant's employee benefit plan(s), including those identified above, are and were covered by/subject to ERISA. 29 U.S.C. § 1003.

89.     At all material times, Plaintiff and workers misclassified as independent contractors like Plaintiff, were not provided with the benefits subject to/covered by ERISA which EOG provided other workers it labeled as "employees." *See, e.g.,* (http://www.eogresources.com/careers/benefits.html) (last accessed April 27, 2015).

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                  14

90.    Defendant did not timely and accurately disclose its ERISA covered employee benefit plan(s) to Plaintiff and workers like Plaintiff who are and/or were misclassified as independent contractors.

91.    Plaintiff and the putative class members seek all damages available for Defendant's failure to provide them with all employee benefit plans covered by/subject to ERISA that were provided to workers which Defendant labeled as "employees" or to which Plaintiff and the putative class members are otherwise entitled.

## VI.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A.    FLSA Collective Action

92.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

93.    The putative collective action members are all current and former hourly paid workers which Defendant classified as "independent contractors" who, like Plaintiff, were not paid time and one-half their regular rate of pay for all hours worked over 40 during each and every workweek in the time period relevant to Plaintiff's FLSA cause of action.

94.    Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

95.    All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                                    15

96.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

97.     Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

**B.     ERISA Class Action**

98.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

99.     Plaintiff brings his ERISA cause of action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3).

100.     Plaintiff brings this action on behalf of himself and all other similarly situated workers who were misclassified as independent contractors by Defendant under the controlling legal standards, were and/or are beneficiaries under Defendant's ERISA covered employee benefit plan(s), and are not/were not provided with the benefits of Defendant's ERISA covered employee benefits plan(s).

101.     Plaintiff seeks to represent a class initially defined as: "All of Defendant's workers misclassified as independent contractors that are and/or were beneficiaries under Defendant's ERISA covered employee benefits plan(s) who are not and/or were not provided with the benefits of Defendant's ERISA covered employee benefits plan(s)." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification.

102.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action. On information and belief, there are hundreds of other

PLAINTIFF'S COMPLAINT FOR DAMAGES                                                                16

workers who are and/or were misclassified as independent contractors by Defendant in substantially similar fashion to Plaintiff who are and/or were beneficiaries under Defendant's ERISA covered employee benefits plan(s) and who are not and/or were not provided with the benefits of Defendant's ERISA covered employee benefits plan(s).

103.    On information and belief, the class members exceed several hundred in number, and joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from Defendant's records.

104.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a. Whether Plaintiff and the class members are and/or were employees of Defendant in connection with Defendant's ERISA covered benefit plan(s);
>
> b. Whether Plaintiff and the class members are and./or were beneficiaries of Defendant's ERISA covered employee benefit plan(s); and
>
> c. The appropriate method to calculate damages owed Plaintiff and the class members.

105.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the ERISA claims.

106.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of

PLAINTIFF'S COMPLAINT FOR DAMAGES

inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

107.    Plaintiff is an affected misclassified independent contractor of Defendant who, despite being a beneficiary of Defendant's ERISA covered employee benefit plan(s), was not provided with all benefits allowed/covered by each such plan. He is, therefore, a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all members of the class, and Plaintiff will fairly and adequately protect the interests of the absent members of the class. Plaintiff and his counsel do not have claims or interests that are adverse to the class members.

108.    Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or other proceeding.

109.    Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VII.   JURY DEMAND

110.    Plaintiff demands a jury trial.

### VIII.    DAMAGES AND PRAYER

111.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

      a.    Actual damages in the amount of unpaid overtime wages;

      b.      Liquidated damages;

      c.      Certification of Plaintiff's FLSA cause of action as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

      d.      Benefits and/or value of benefits covered by/subject to ERISA which were not paid to/provided to Plaintiff and the putative class members by Defendant in addition to all other available damages for Defendant's failure to provide those benefits and/or inform Plaintiff and the putative class members of those benefits;

      e.      Certification of Plaintiff's ERISA cause of action as a Rule 23 class action naming Plaintiff as the class representative and the undersigned as class counsel;

      f.      Pre-judgment and post-judgment interest;

      g.      Costs;

      h.      Reasonable attorney's/attorneys' fees; and

      i.      All other relief to which Plaintiff is entitled.

Respectfully submitted,


By:    s/ Allen Vaught
       Allen R. Vaught
       Attorney-in-Charge
       SD TX Bar No. 22757
       State Bar No. 24004966
       avaught@baronbudd.com
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas  75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile

       ATTORNEYS FOR PLAINTIFF


PLAINTIFF'S COMPLAINT FOR DAMAGES