United States District Court
Southern District of Texas
**ENTERED**
October 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN J. BOUDREAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-1099 |
| | § | |
| EOG RESOURCES, INC., f/k/a ENRON OIL AND GAS COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER APPROVING SETTLEMENT AGREEMENT, DENYING SEALING AND ALLOWING REDACTIONS**

The plaintiff, Kevin J. Boudreaux, sued EOG Resources, Inc., alleging that EOG violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* He initially sought to represent a class of similarly situated present and former EOG employees who were not paid overtime for working more than 40 hours in a workweek during the relevant period. *See* 29 U.S.C. § 216. Mr. Boudreaux decided not to pursue a collective action and did not file a certification motion. He and EOG have agreed to settle their claims in exchange for dismissal of this case, with prejudice. The settlement is limited to his FLSA claims. The parties have filed a joint motion to approve the settlement and to dismiss the case with prejudice, and to maintain the settlement agreement under seal. (Docket Entries No. 21, 23).

FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). If the settlement reflects "a reasonable compromise over issues," and the relief provided is fair, reasonable, and adequate, the court may approve it. *Id.* at 1354.

The parties filed the proposed settlement agreement. It reflects payment to Mr. Boudreaux of a significant sum that is fair and adequate compensation for the alleged damages. It is particularly reasonable considering that the payment is promised and for a sum certain, without the uncertainties of litigation. Mr. Boudreaux will be paid this amount without risking losing the liability issues, and he will be paid without the delays of trial and appeal. There were genuine disputes over EOG's liability, the amount of compensation, and the amount, if any, of liquidated damages, and attorney's fees due. The fairness and adequacy are further supported by the discovery that occurred in this action before the settlement was reached. The record shows no indication that the settlement was anything but arms-length. Finally, the fact that it was not pursued on behalf of the class does not suggest any prejudice to the absent class members. Because notice did not issue, there is no indication that the absent class members relied on the pendency of this action to protect their claims, and no indication of prejudice to them by the dismissal of Mr. Boudreaux's individual claims.

This court has reviewed the settlement agreement and finds that the amounts to be paid to Mr. Boudreaux and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable. This court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA. The motion to approve the settlement agreement and the motion for an order of dismissal with prejudice is granted. The settlement agreement is approved and final judgment is entered by separate order.

The court does not, however, grant the motion to seal the settlement agreement and related exhibits, (Docket Entry No. 23). When a settlement agreement is filed with the court for approval, it is presumptively publicly available and the parties must demonstrate good cause to deny public access to the agreement. *See, e.g., Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir.

1992); *Hernreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 637 (7th Cir. 2002); *Bank of Am. Nat'l Trust & Sav. Assoc. v. Hotel Rittenhouse Ass'n*, 800 F.2d 339, 345 (3d Cir. 1986).

"The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that 'directly affect an adjudication' than for documents, such as discovery materials, that 'come within a court's purview solely to insure their irrelevance.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Absent good cause, the sealing from public scrutiny of a settlement agreement in a FLSA case would "thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger 'the national health and well-being.'" *Id.* There is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement case unsealed and available for public review. *Prater v. Commerce Equities Mgmt. Co.*, No. CIV.A. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008); *see also Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb.23, 2012) (Fitzwater, J.) ("[T]he overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.").

Neither the parties nor the record demonstrate good cause for maintaining the seal on the settlement agreement and related exhibits, with two exceptions that call for limited redactions, not sealing the entire document. The parties may redact the specific amounts paid to Mr. Boudreaux under the settlement. No further redactions are required or supported.

SIGNED on October 27, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge